IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID LEVINE, )<br>        Plaintiff, )<br>)<br>v.  )<br>)<br>ANNE MEADOR, )<br>        Defendant. ) | Civil Action No. 1:20-cv-1073 |

## ORDER

This diversity defamation action under Virginia law is before the Court on (i) Defendant's Motion to Dismiss the Complaint (Dkt. 7) and (ii) Defendant's request for sanctions against Plaintiff's counsel pursuant to Rule 11, Fed. R. Civ. P. (Dkt. 23[1]). These matters were referred to the assigned United States Magistrate Judge for the preparation of reports and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).[2] The Magistrate Judge has now issued: (i) a Report and Recommendation concluding that Defendant's Motion to Dismiss should be granted in part and denied in part (Dkt. 35) and (ii) a Report and Recommendation concluding that Defendant's request for Rule 11 sanctions should be denied (Dkt. 41). Defendant has filed objections only to certain portions of the Magistrate Judge's Report and Recommendation with respect to the Motion to Dismiss. *See* Dkt. 37. Plaintiff has not filed any objections. Defendant's motions and objections have been fully briefed by the parties and thus are now ripe for disposition.

---

[1] It is worth noting that Defendant did not properly file a separate motion seeking sanctions pursuant to Rule 11. Instead, the filing at Dkt. 23 constitutes a reply brief on the issue of whether Indeco Union, an original party to this action, could be dismissed from the suit. In the brief, Defendant requested imposition of Rule 11 sanctions, and the Court construed this request as a motion.

[2] 28 U.S.C. § 636(b)(1)(A) prohibits magistrate judges from "determine[ing]" certain dispositive pretrial motions, including a motion to dismiss a complaint. However, § 636(b)(1)(B) authorizes a district judge, as the Court did here, to designate a magistrate judge to issue "recommendations for the disposition," *inter alia*, of a motion to dismiss.

1

## I.

In order to review adequately the pending motions and Defendant's objections to the Report and Recommendation, it is necessary to summarize briefly the factual allegations set forth in Plaintiff's Complaint, which must be taken as true at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the following alleged facts are derived from the Complaint, and assumed to be true only for the purpose of resolving the pending Motion to Dismiss:

- Plaintiff David Levine ("Plaintiff") served, at all relevant times, as chief executive officer ("CEO") of Indeco Union ("Indeco"), a company focused on development of blockchain technology[3] and headquartered in McLean, Virginia.

- Defendant Anne Meador ("Defendant") is a Maryland-based journalist who publishes articles on environmental and social issues.

- Daniel Casto ("Casto"), a non-party to this action, previously served as Indeco's Vice President of Finance. At all relevant times, Casto served as President of Jefferson County Prosperity, Inc. ("JCP").

- Defendant met Plaintiff in September 2018, when Defendant was working on a story related to Plaintiff's work.

- Soon after meeting, Defendant and Plaintiff allegedly entered into a romantic relationship, although Plaintiff was married at the time. Defendant also agreed to invest funds in certain of Plaintiff's enterprises, including a $394,000 investment in Indeco.

- It is alleged that the romantic and business relationship between Plaintiff and Defendant crumbled after Defendant demanded that Plaintiff leave his wife, and Plaintiff declined to do so.

- It is further alleged that Defendant responded by commencing an effort to harm Plaintiff's reputation through publication of false statements. According to the Complaint, Defendant also sought to blackmail Plaintiff and Indeco into returning her investment funds.

- Defendant was allegedly joined in her efforts to harm Plaintiff's reputation by Casto, who published statements about Plaintiff and Indeco through JCP's Facebook page. Defendant and Casto acted in concert by: (i) Defendant's sharing with Casto confidential recordings of Plaintiff speaking to his attorneys, (ii) Casto's publication of filings submitted by

---

[3] For reference, "blockchain technology" refers to certain "database[s] that [are] maintained communally and that reliably store[] digital information," such as records of online transactions. *See* "New to the Crypto World? Here Are the Terms to Know," N.Y. TIMES (June 8, 2022), available online at: https://www.nytimes.com/explain/2022/cryptocurrency-guide#what-is-a-blockchain.

2

- Defendant in Plaintiff's bankruptcy proceedings, and (iii) the exchange of messages to coordinate publication of harmful statements about Plaintiff.

- Plaintiff's Complaint includes a summary chart of twenty-three alleged defamatory statements published by Defendant and Casto/JCP between March and September 2020. *See* Complaint at ¶ 2. These include, *inter alia*, statements published to the Indeco board and on JCP's Facebook page. In the statements listed, both Defendant and Casto accuse Plaintiff of financial impropriety as Indeco's CEO. Defendant's statements also allege that Plaintiff induced her investment through misrepresentations, such as false promises that Plaintiff would leave his wife.

- As a result of the alleged publication of defamatory statements by Defendant and Casto/JCP, Plaintiff has suffered ongoing harm to his reputation and business opportunities.

## II.

The Magistrate Judge's Report and Recommendation with respect to Defendant's Motion to Dismiss concludes that the motion should be granted in part and denied in part. Specifically, the Magistrate Judge recommended that the Motion to Dismiss be granted with respect to Count II, because Plaintiff failed to state a claim for insulting words, and Count IV, because Plaintiff lacks standing to bring the tortious interference claim asserted. The Magistrate Judge further recommended that the Motion to Dismiss be denied in all other respects because the Complaint adequately states claims for defamation *per se* (Count I), civil conspiracy (Count III), and injunctive relief (Count V).

Defendant has filed several objections to the Magistrate Judge's analysis and conclusions with respect to the Motion to Dismiss. Specifically, Defendant objects to four portions of the Report and Recommendation:

A. the recommendation that the Motion to Dismiss be denied with respect to Count I (defamation *per se*);

B. the Magistrate Judge's analysis with respect to Count II (insulting words), although the Magistrate Judge recommended that the insulting words claim be dismissed;

C. the recommendation that the Motion to Dismiss be denied with respect to Count III (civil

3

conspiracy); and

D. the recommendation that the Motion to Dismiss be denied with respect to Count V (injunctive relief).

Each of these objections is separately addressed below.

Additionally, neither party objects to two conclusions set forth in the Report and Recommendation. First, in the Motion to Dismiss, Defendant contended that the Complaint must be dismissed pursuant to the doctrine of judicial estoppel, arguing that Plaintiff failed to disclose the claims asserted in this action during Chapter 7 bankruptcy proceedings. The Magistrate Judge concluded that this argument should be rejected, finding that Plaintiff's claims accrued after the initiation of bankruptcy proceedings and that Plaintiff had no duty to disclose them. Second, the Magistrate Judge recommended that Count IV of Plaintiff's Complaint, which sets forth a claim for tortious interference, be dismissed because Plaintiff lacks standing to bring that claim. Discerning no clear error,[4] it is appropriate to adopt the Magistrate Judge's findings and conclusions in these two respects. Accordingly, the Motion to Dismiss must be denied with respect to Plaintiff's judicial estoppel argument, and granted with respect to Count IV of the Complaint, which sets forth a claim for tortious interference.

### A.

Defendant first objects to the Magistrate Judge's conclusion that Defendant's Motion to Dismiss should be denied with respect to Count I of the Complaint, which sets forth a claim for defamation *per se*. To state a claim for defamation under Virginia law, a plaintiff must allege: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 737

---

[4] See *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (citation omitted).

4

S.E.2d 890, 892 (2013). The Magistrate Judge concluded that the allegations set forth in the Complaint satisfy each of these elements; Defendant objects only to the finding that the statements alleged are actionable.

In order to be actionable, an alleged statement "must be both false and defamatory." *Id.* As a result, "pure expressions of opinion"—statements which do not contain a "provably false factual connotation"—cannot form the basis of a defamation claim. *Id.* at 893 (citations omitted). Stated otherwise, a plaintiff asserting a claim for defamation may not rely solely upon "[s]tatements that are relative in nature and depend largely upon the speaker's viewpoint." *Id.* (citation omitted). In this regard, Defendant asserts that the alleged defamatory statements set forth in Plaintiff's Complaint contain only expressions of opinion and therefore may not be the basis of a valid defamation claim.[5]

Contrary to Defendant's objections, the statements alleged by Plaintiff contain "provably false factual connotation[s]." *Tharpe*, 737 S.E.2d at 892. To be sure, certain aspects of Defendant's alleged statements, analyzed in isolation, express opinions about Plaintiff. These include, for instance, statements that Plaintiff's behavior was "egregiously unethical" (Statement #2), that Plaintiff is "not merely a cad but a con artist" (Statement #5), and that Plaintiff is a "crook with no conscience" (Statement #16). But Defendant's alleged statements go beyond these opinions, setting forth factual assertions that are provably true or false. These factual assertions include, *inter alia*, allegations that Plaintiff repeatedly promised that he "would end his marriage and leave his wife for [Defendant]" (Statement #1), that Plaintiff made "unauthorized transactions and cash

---

[5] It is worth noting that Virginia courts have set forth certain categories that constitute actionable defamation *per se*, such as statements "which impute to a person unfitness to perform the duties of an office or employment of profit" or "prejudice [a] person in his or her profession or trade." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713 (2006). The Magistrate Judge found that the statements alleged by Defendant fall within these *per se* categories, and Plaintiff does not contest this finding in her objections. Instead, Plaintiff focuses on the question of whether the alleged statements constitute opinions or contain factual assertions.

withdrawals" from Defendant's bank account (Statement #6), and that Plaintiff engaged in "misuse of investor funds" (Statement #15). Accordingly, because Plaintiff alleges at least some statements which constitute more than mere opinions, Defendant's objection is not persuasive.[6]

Defendant also objects to the fact that the Magistrate Judge analyzed certain of the alleged statements in groups. In this regard, however, it is important to note that the Complaint alleges that certain statements were published to the same audience on the same dates. For instance, Plaintiff alleges that Defendant published Statements #1–#5 to Indeco's board on March 26, 2020. It is appropriate to infer, drawing all reasonable inferences in favor of Plaintiff, that Statements #1–#5 constitute portions of the same publication and are appropriately analyzed together rather than in isolation. Factual discovery with respect to Defendant's alleged statements in this matter will clarify the manner of publication and whether the statements alleged are appropriately analyzed together or in isolation.

In summary, Defendant's objection to the Magistrate Judge's finding that Plaintiff's Complaint alleges actionable statements must be overruled. Discerning no clear error in any of the Magistrate Judge's analysis with respect to Plaintiff's claim for defamation *per se*, the Magistrate Judge's findings and conclusions must be adopted and Defendant's Motion to Dismiss must be denied with respect to Count I.

**B.**

Defendant's second objection relates to the Magistrate Judge's discussion of Plaintiff's

---

[6] Defendant also asserts that Plaintiff should be precluded from proceeding with respect to alleged Statement #23. This statement, Defendant contends, is a quote from a filing in Plaintiff's bankruptcy proceeding, and Defendant correctly notes that "communications made in proceedings pending in court or before a quasi-judicial body are absolutely privileged" and thus cannot form the basis of a cause of action for defamation. *See Lindeman v. Lesnick*, 268 Va. 532, 537 (Va. 2004). However, the Complaint alleges that Statement #23 was republished on JCP's Facebook page. Accordingly, while Defendant may not be held liable for statements made in a bankruptcy filing, she may be liable as a co-conspirator with Casto/JCP for false statements published by JCP. Plaintiff's claim for civil conspiracy is discussed *infra*.

claim for the tort of insulting words. This claim arises under Va. Code § 8.01-45, which dictates that "[a]ll words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." A plaintiff alleging a claim of insulting words "must plead words that (1) would be construed as insults and (2) tend to violence and breach of the peace." *Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 668 (E.D. Va. 2015) (citing Virginia caselaw). The Magistrate Judge's Report and Recommendation concludes that Plaintiff's insulting words claim should be dismissed. Specifically, the Report and Recommendation finds that, although Plaintiff alleged that Defendant used words that are *per se* insulting, Plaintiff failed to allege that Defendant used words that tend to violence and breach of the peace.

Defendant objects only to the Magistrate Judge's conclusion that the Complaint adequately alleges the use of words that "would be construed as insults." *Id.* However, neither party objects to the conclusion that Plaintiff failed to plead adequately the use of words that promote violence. Discerning no clear error in that respect, the Court thus adopts the Magistrate Judge's conclusion and recommendation to grant Defendant's Motion to Dismiss with respect to the insulting words claim. *See Diamond*, 416 F.3d at 315. Because Defendant's motion will be granted in this respect, it is neither necessary nor appropriate to analyze Defendant's objection to the Magistrate Judge's insulting words analysis, and this objection must be overruled as moot.

### C.

Defendant's third objection relates to the Magistrate Judge's conclusion that the Complaint adequately states a claim for civil conspiracy. Simply put, Plaintiff alleges that Defendant conspired with Casto and JCP to defame Plaintiff. In this regard, Defendant notes that, under Virginia law, a plaintiff alleging a civil conspiracy must set forth "some details of time and place

and the alleged effect of the conspiracy." *See Firestone v. Wiley*, 485 F. Supp. 2d 694, 704 (E.D. Va. 2007) (citation omitted). Defendant contends, contrary to the Magistrate Judge's conclusion, that Plaintiff offers nothing more than "vague, conclusory allegations" regarding the alleged conspiracy between Defendant and Casto/JCP. *Id.* Accordingly, Defendant submits, Plaintiff's civil conspiracy claim must be dismissed.

Defendant's objection is unpersuasive. In the Complaint, Plaintiff alleges that Defendant and Castro/JCP deliberately acted in concert with the purpose of harming Plaintiff's business and reputation. *See* Complaint at ¶ 25. To that end, Plaintiff alleges that: (i) Defendant shared confidential recordings of Plaintiff speaking with lawyers with Casto, (ii) Casto agreed to publish filings submitted by Defendant in Plaintiff's bankruptcy proceedings on JCP's Facebook page, and (iii) Defendant and Casto exchanged messages to coordinate the publication of defamatory statements. *See* Complaint at ¶ 27. Importantly, the Complaint includes a chart setting forth a total of twenty-three alleged defamatory statements published by Defendant and JCP/Casto between March and September 2020, indicating the dates and places of publication. Many of these statements contain similar content, including allegations of financial impropriety by Plaintiff. *See* Complaint at ¶ 2.

Defendant contends that these allegations suggest nothing more than parallel conduct by Defendant and Casto/JCP. However, at the motion to dismiss stage, a court must "draw all reasonable inferences in favor of the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Here, the allegations of a conspiratorial agreement, coordinated actions, and the "time and place" of relevant conduct—namely the publication of defamatory statements with similar content in a similar time period—appropriately give rise to an

8

inference that Defendant expressly or tacitly conspired[7] with Casto/JCP to defame Plaintiff. *Firestone*, 485 F. Supp. 2d at 704. Accordingly, Defendant's objection to the Magistrate's findings and conclusions regarding Count III of the Complaint must be overruled.

### D.

Defendant's final objection relates to Plaintiff's request for an injunction barring Defendant from future repetition of the alleged defamatory statements. The Magistrate Judge's Report and Recommendation concludes that Defendant's Motion to Dismiss should be denied with respect to the claim for injunctive relief. Importantly, a plaintiff seeking an injunction must demonstrate that:

> (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; (4) the public interest would not be disserved by a permanent injunction.

*See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Report and Recommendation finds that the Complaint pleads adequate facts to satisfy these elements; Defendant objects that the Magistrate Judge erroneously accepted conclusory allegations.

Plaintiff's objection to the Report and Recommendation is unpersuasive. With respect to the first and second elements listed above, the Magistrate Judge accepted the Complaint's allegations that Defendant defamed Plaintiff, that the alleged defamation caused ongoing harm to Plaintiff's reputation and business, and that money damages would be unlikely to deter future defamation by Defendant. At the motion to dismiss stage, courts must "assume the facts alleged in

---

[7] Defendant objects to the Magistrate Judge's conclusion that the Complaint suggests the existence, at least, of an "implied" agreement between Defendant and Casto. Report and Recommendation, Dkt. 35, at 24. Defendant correctly points out that the case the Magistrate Judge relies on for this proposition—*William v. AES Corp.*, 28 F. Supp. 3d 553 (E.D. Va. June 26, 2014)—does not appear to support (or refute) that point. However, courts routinely find that a conspiracy "may be established if the conduct of the parties and the inferences to be drawn from such conduct indicate, at least, a 'tacit understanding' to accomplish the object of the alleged conspiracy." *Garrett v. Langley Fed. Credit Union*, 121 F. Supp. 2d 887, 906 (E.D. Va. 2000) (quoting *Wallace v. United States*, 281 F.2d 656, 663 (4th Cir.1960)). Here, the conduct alleged and inferences that may be drawn in Plaintiff's favor support the existence of at least a tacit agreement between Defendant and Casto/JCP.

the complaint are true," and the Magistrate Judge appropriately did so here. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). With respect to the third and fourth elements listed above, the Magistrate Judge inferred that the balance of hardships between the parties and the interest of the public may favor an injunction against further dissemination of alleged false statements. In this regard, the Magistrate Judge appropriately "dr[e]w all reasonable inferences in favor of the plaintiff." *Nemet Chevrolet, Ltd.*, 591 F.3d at 253.[8] Accordingly, Defendant's objection to the Magistrate Judge's analysis of Count V must be overruled, and the Motion to Dismiss must be denied with respect to Count V.

### III.

Finally, Defendant has requested the entry of sanctions against Plaintiff's counsel pursuant to Rule 11, Fed. R. Civ. P. *See* Dkt. 23. Specifically, Defendant asserts that Plaintiff's counsel improperly filed a notice of voluntarily dismissal on behalf of Indeco Union, an initial plaintiff to this action.[9] The Magistrate Judge's Report and Recommendation concludes that Defendant's request for Rule 11 sanctions should be denied, because: (i) Plaintiff's counsel offered a satisfactory explanation for filing the notice of voluntary dismissal and (ii) Defendant failed to follow the procedure for pursuing sanctions outlined in Rule 11. Neither party has filed any objections to this Report and Recommendation. Discerning no clear error therein, it is appropriate

---

[8] Importantly, nothing in the Report or Recommendation, or in this Order, constitutes a finding that Plaintiff is entitled to injunctive relief. Indeed, Defendant correctly observes that a plaintiff must surmount a high evidentiary bar to establish entitlement to injunctive relief, particularly where the injunction pursued would place a restraint on speech. *See Sindi v. El-Moslimany*, 896 F.3d 1, 35 (1st Cir. 2018) ("The First Amendment requires that less intrusive remedies be unavailable before injunctive relief can be considered and that any injunction be as narrowly tailored as possible to avoid censoring protected speech."). The record in this matter may ultimately fail to support Plaintiff's request for an injunction. This Order concludes only that, accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, that the Complaint adequately states a claim for injunctive relief.

[9] Indeco Union was properly dismissed from this action after Defendant filed notice that all claims advanced by Indeco Union had been settled as part of a separate bankruptcy proceeding. *See* Dkts. 31, 34.

to adopt the recommendation of the Magistrate Judge and deny Plaintiff's request for sanctions. *See Diamond*, 416 F.3d at 315.

### IV.

Accordingly, for reasons stated in this Order,

It is hereby **ORDERED** that Defendant's objections (Dkt. 37) to the Magistrate Judge's Report and Recommendation with respect to Plaintiff's Motion to Dismiss are **OVERRULED**.

It is further **ORDERED** that the Court **ADOPTS**, as its own, the findings and recommendations of the Magistrate Judge's Report and Recommendation (Dkt. 35) with respect to Plaintiff's Motion to Dismiss.

It is further **ORDERED** that Plaintiff's Motion to Dismiss the Complaint (Dkt. 7) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Motion to Dismiss is **DENIED** with respect to Counts I (defamation *per se*), III (civil conspiracy), and V (injunction) and **GRANTED** with respect to Counts II (insulting words) and IV (tortious interference).

It is further **ORDERED** that—without objection from the parties—the Court **ADOPTS**, as its own, the findings and recommendations of the Magistrate Judge's Report and Recommendation (Dkt. 41) with respect to Defendant's request for Rule 11 sanctions against Plaintiff's counsel.

It is further **ORDERED** that Defendant's request for Rule 11 sanctions against Plaintiff's counsel (Dkt. 23) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 18, 2022

/s/
T. S. Ellis, III
United States District Judge

11